UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| AMPRO ENERGY, L.P. | § | 06-34291-H3-11 |
| Debtor | § | |
| | § | |
| | § | |

## MOTION TO DISMISS, OR ALTERNATIVLEY, MOTION TO APPOINT TRUSTEE, AND MOTION TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 USC SECTION 1307(c)

TO THE HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE:

THE MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

COMES NOW THOMAS SOBEY, AND THOMAS SOBEY D/B/A TMS ENERGY SERVICES, ASSIGNEE OF A&R GENERAL CONTRACTORS, INC., ABILENE BOWLING LANES, ALTAMESA CHURCH OF CHRIST, ANTIQUE & CRAFT MALL OF PASADENA, ARAMARK UNIFORM SERVICES, BROOKDALE CORPORATION, CENTRAL TRANSPORTATION SYSTEMS, CINCO J., INC., CITY MEAT STEAK COMPANY, INC., COUNTRY STORE MARKET, CRAIG'S FURNITURE, DALLAS HOTELS ATE, LLC, DARIO VILLEGAS, EL BUCKNER

BAZAAR, EL CHARRO RESTAURANTS, INC., EL PALENQUE RESTAURANTS, FAMILY CATHEDRAL OF PRAISE, FELTER INTERNATIONAL, INC., GROVES INDUSTRIAL SUPPLY CORP., HEALTH SERVICES MANAGEMENT OF TEXAS, LLC, AMERICAN BUFFET, CHINA RIVER BUFFET, ASHFORD LUCKY VILLAGE, FOUNTAINVIEW LUCKY VILLAGE, GOLDEN RIVER BUFFET, LUCKY HOUSE, LUCKY VILLAGE, WOODLANDS HOUSE, MIPTT, LLC (EAST COAST), HILTON FURNITURE, INTEC SYSTEMS, INC., KOCOMOGO III, L.P., WHITESTONE GOLF CLUB, LOST CREEK GOLF CLUB, MIKE'S SUPERMARKET, MIRA VISTA OFFICE CENTER, LTD., MT. ROSE CHURCH OF GOD IN CHRIST, THE OUTLET MALL, PETTIGREW ASSOCIATES, INC., PLEASANT RIDGE CHURCH OF CHRIST, RUDY'S MEAT MARKET, SCHLOTZSKY'S DELI, SIX FLAGS MALL, SOUTH MCARTHUR CHURCH OF CHRIST, SUNBELT GROUP LP, TIGER TOTE FOOD STORES, INC., TOMBALL RETIREMENT CENTER, USA RV PARK, WSPI, LLC, ZAINA CORPORATION, (sometimes collectively referred to as "TMS" or "Movants"), and files this Motion to Dismiss, or Alternatively, Motion to Appoint Trustee, and Motion to Convert Case to Chapter 7 Pursuant to 11 U.S.C. Section 1307(c).

## I.
## SUMMARY OF FACTS

1.     Ms. AMY GASCA, the sole owner of AmPro Energy G.P., L.L.C., the General Partner of AmPro Energy, L.P., made the following Admissions at the creditors meeting of Thursday, September 21, 2006. [1]

---

[1] A copy of the tape of said Creditors meeting has been separately filed with the Court, and is **Exhibit A** hereto.

A.     That AmPro Energy, L.P. is 11% owned by Mr. Stephen Brownell, 10% owned by Ms. Leticia Hemmerly, 1% owned by its General Partner, AmPro Energy GP, L.L.C., and 79% owned by Ms. Amy Gasca. Ms. Amy Gasca, Mr. Stephen Brownell, and Ms. Leticia Hemmerly are limited partners of AmPro Energy, L.P.

B.     That Ms. Amy Gasca is the 100% owner of AmPro Energy GP, L.L.C., the general partner of AmPro Energy, L.P.

C.     That Ms. Amy Gasca did not ask either Mr. Stephen Brownell nor Ms. Leticia Hemmerly before filing a Chapter 11 Bankruptcy on behalf of AmPro Energy, L.P.

D.     That Ms. Amy Gasca did not have the permission of either Mr. Stephen Brownell or Ms. Leticia Hemmerly before filing bankruptcy on behalf of AmPro Energy, L.P.

E.     That there was no partnership resolution, meeting, or notice to the other partners of AmPro Energy, L.P. before bankruptcy was filed on behalf of  AmPro Energy, L.P.

F.     That the attorneys who filed the bankruptcy on behalf of AmPro Energy, L.P. have also represented Amy Gasca, individually, and have been paid in said state court litigation involving AmPro Energy, L.P., Amy Gasca and AmPro Energy GP, L.L.C., and that this work was performed before the filing of the bankruptcy.

G.     That the attorneys who filed the bankruptcy on behalf of AmPro Energy, L.P. are creditors of the bankruptcy in that they are owed for pre-petition litigation work in other cases.

H.      That Ms. Amy Gasca has a pre-petition claim against AmPro Energy, L.P., in the admitted amount of over $325,000.00, and that she has been attempting to collect said debt from AmPro Energy, L.P. (To the detriment of other AmPro Energy, L.P. creditors).

I.      That Ms. Amy Gasca reviewed, approved and signed the schedules for AmPro Energy, L.P., where, for instance, in Schedule F approximately 3000 alleged creditors are listed at $1.00 each, and it is admitted that this is simply a list of all the clients of AmPro Energy, L.P., and that there is no other reason for their being listed.

J.      That Ms. Amy Gasca admitted that in April 2006 that she took over $219,000.00 from AmPro Energy, L.P. to pay her own personal 2005 taxes, and at a time when all AmPro Energy, L.P. contracts were terminated or being terminated.

K.      That the current AmPro Energy, L.P. attorneys caused to be removed as adversary proceedings both the State Court case involving Mr. Stephen Brownell, Cause No. 2006-42242, in the 280th District Court or Harris County, Texas and the case involving Movants, Cause no. 2006-46490, in the 133rd District Court of Harris County, Texas. See **Exhibit B** hereto; and the Motion to Dismiss of Mr. Stephen Brownell. Ms. Amy Gasca admitted that she was individually a party in each of these actions (and thus had a self interest in her/AmPro/AmPro GP, L.L.C. attorneys removing same to Federal bankruptcy Court). See **Exhibit C** hereto; and the Exhibits to the Motion to Dismiss of Mr. Stephen Brownell.

L.      That Ms. Amy Gasca also admitted that AmPro Energy, L.P. had actually filed the action against Movants, Cause No. 2006-3554 in the 133rd Judicial District Court of Harris County, see **Exhibit B** hereto, and was the punitive Plaintiff in

4

the action. This action was apparently filed on July 31, 2006, but not served until around August 19, 2006.

        M.     That the Buckner Apartments versus AmPro Energy, L.P. case, Cause No. 2006-07762, in the 280th Judicial District Court of Harris County, Texas, in which Ms. Amay Gasca is not individually sued, was NOT removed to Federal Bankruptcy Court by her/AmPro Energy, L.P/AmPro GP, L.L.C.'s attorneys. See **Exhibit D** hereto.

        N.     That AmPro Energy, L.P., has at least a three million, one hundred ninety thousand dollar account shared with TXU, but controlled by TXU. The escrow account agreement had not yet been turned over to the United States Trustee's office at the time of the hearing, and the amount had not been disclosed.

        O.     That AmPro Energy, L.P. has subleased its space since May, 2006, to a company called Glacial Energy for approximately $2,000.00 per month, and that this lease was not listed in the schedules at the time of the original creditor's meeting.

        P.     That Ms. Amy Gasca has been working for Glacial Energy in some form or another since around that same time.

        Q.     That Ms. Amy Gasca had AmPro Energy, L.P. make a $25,000.00 payment to each of her children's college funds for a total of $50,000.00, which she now claims is interest due on her loans.

        R.     That Ms. Amy Gasca was ordered in her divorce to pay funds to her husband, and that she paid her husband those exact amounts out of the funds for AmPro Energy, L.P., allegedy as severance pay to her husband, and that this payment was not listed on the schedules or AmPro Energy, L.P.'s own Exhibit 3C.

S.      That Movants' claims exceed two and a half million dollars, but that the current AmPro Energy, L.P., attorneys place the value at zero.

T.      That all of the required schedules had not been filed before the original creditors meeting, much less at the time of filing the Chapter 11 Bankruptcy papers, or within 15 days thereof.

U.      That no plan of re-organization could be described at the original creditors' meeting, or had been even been hypothetically planned.

V.      That none of the other partners had been told or consulted over any plan to have AmPro Energy, L.P., continue to operate.

W.      That no other partners in AmPro Energy, L.P., had been consulted over any potential re-organization plan.

X.      That one of the partners, Mr. Stephen Brownell, was actually suing Ms. Amy Gasca and AmPro Energy GP, L.L.C., the General Partner, which Amy Gasca controls at the time the AmPro Energy, L.P., Chapter 11 bankruptcy was filed. See Stephen Brownell Motion to Dismiss.

Y.      That, from the discussions at the original creditors' meeting, that it was also readily apparent that there are no ongoing operations of AmPro Energy, L.P., that the lease expires on October 1, 2006, that all of the employees have been gone since at least July or so, that most of the equipment and other hard assets have already been liquidated, and that the assets of the company appear to be in liquidated amounts in several bank accounts.

Z.      That Ms. Amy Gasca has been attempting to obtain funds from the TXU escrow account to pay her alleged $325,000.00 unsecured personal loan to herself,

and that, if left in control of the "debtor-in-posession" that she will continue to attempt to place herself ahead of other creditors, and pay herself and her attorneys.

## II.
## SUMMARY OF THE ARGUMENT

The TMS Movants make the following arguments.

1.      That AmPro Energy, L.P.'s Bankruptcy proceeding should be either dismissed or converted to a Chapter 7 case "for cause" under 11 U.S.C. § 1112(b). (Argued in this Motion and that of Mr. Stephen Brownell.)

2.      That the Court should deny the application and disqualify the Law Firm of Syndow and McDonald as bankruptcy attorneys for AmPro Energy, L.P. (Argued in separately filed Objections which Movants have joined).

3.      That both of the derivative, related, removed Adversary cases should be remanded, the stay removed, and that they should be allowed to proceed to verdict in State Court. (Argued in separately filed Motions to Remand in the Adversaries).

## III.
## MOTION TO DISMISS OR TO APPOINT TRUSTEE

1.      A voluntary bankruptcy is "commenced" by filing a petition. 11 U.S.C. §301. Unfortunately, the Bankruptcy Code does not state who may file or who has authority to file a petition, nor the consequences of an improper filing. For an individual's filing the question of who has authority is generally easily addressed. For a corporation, partnership, or other business entity, the issue is much more complex. Without filing authority or ratification, the entity or its creditors may move to dismiss the bankruptcy petition. *See*, e.g., *In re: Eastern Bancorporation,* 23 BR 474, 476 (Ed. Pa. 1982).

2.      Normally, the issue of the authority to file a bankruptcy petition is a question of state law. *Price* v. *Gurney,* 324 US. 100, 65 S.Ct. 313, 89 L.Ed. 776 (1945); *Phillips* v. *First City, Texas - Tyler, NA.,* 966 F.2d 926, 934 (5th Cir. 1992). The Debtor is a Texas limited partnership company. See **Exhibit E.** [2] Effective January 1, 2006, business organizations in Texas are governed by the Texas Business Organization Code. Pursuant to the Texas Business Organization Code, the "governing authority of a domestic entity manages and directs the business and affairs of the domestic entity." Tex. Bus. Org. Code § 1.002(35)(A)(ii).

3.      As to partnerships, because general partnerships and limited partnerships allocate general management authority very differently, there is differing case law depending upon the specific type of partnership. *See generally* 11 U.S.C. §101(15) and (41). A limited partnership is also a partnership, and accordingly, is included within the bankruptcy defined term "entity". As to a limited partnership, under uniform partnership laws, the general partner(s) of a limited partnership have general management authority, and, therefore, the authority to file a voluntary petition on behalf of the limited partnership. *See, e.g.,* ULPA §403 (1985); ULPA § 402 (2001); *Phillips, supra.* Generally, the general partner may file bankruptcy on behalf of the partnership without the approval of the limited partners even when the partnership agreement is silent as to this. *In re: Bell Air Associates, L.T.D.,* 4 B.R. 168,171 (Banks.W.D.Okla.1980) (applying Oklahoma law); *see generally* Tex.Bus.Org. Code §153.152 and 153.153. If there is only one general partner, then that partner has the exclusive authority to file on behalf of the limited partnership, and that partner may file without the knowledge or consent of the

---

[2] There is apparently a wind up agreement in place that appears to supersede the Partnership Agreement based upon the state court ruling not to allow arbitration in the Stephen Brownell case. Movants do not have a copy of same.

limited partners. *Id.; In re: Westover Hills, Ltd.*, 46 B.R. 300, 305 (Bankr.D.Wyo. 1995); *In re: Foxridge, Ltd. P'ship.*, 238 B.R. 810 (Bankr.W.D.Mo. 1999) (authority extends into the winding up phase of the limited partnership).

      4.     However, once the bankruptcy is filed, in a Chapter 11 "debtor-in-possession" case, the "debtor-in-possession" rule can create special opportunities for serious conflicts of interest, since the person with authority to file on behalf of the limited partnership also acts in that capacity as a representative of other partners. For example, when the sole general partner of a limited partnership files a Chapter 11 petition on behalf of the limited partnership, the partnership becomes a "debtor-in-possession" acting in the place of a bankruptcy trustee. The general partner thereafter has an inherent conflict of interest in that the "debtor-in-possession" partnership, and hence the general partner, has a duty to act in the best interest of the partnership's creditors (Movants), whereas the general partner also has a fiduciary duty to act in the interest of the limited partners outside of the bankruptcy proceeding. See **Exhibit E at Section 6.5 page 4**; Tex.Bus.Org. Code §152.204; *In re Harms*, 10 B.R. 817, 822 (Bankr.D.Colo. 1981).This inherent conflict can, for instance, prevent the confirmation of a plan of reorganization without the resignation and replacement of the conflicted general partner. *See, In re Map 1978 Drilling P'ship*, 95 B.R. 432, 435 (Bankr.N.D.Tex. 1989); *In re Royal Gorge Assoc.*, 77 B.R. 277, 278 (Bankr.D.Colo. 1987) (flagrant conflicts of interest for a law firm to represent sole general partner of a limited partnership [and also a creditor of the partnership] in his voluntary Chapter 7 case while also representing the limited partnership in its Chapter 11 case).

5.      Indeed, in the case of Chapter 11 debtors who serve as "debtor-in-possession", a fiduciary position, attorneys, likewise, may not represent both the "debtor-in-possession" and the general partner. *See In re: W.F. Development Corp.*, 905 F.2d 883 (5th Cir.1990), *cert.denied*, 499 U.S. 921, 111 S.Ct. 1311, 113 L.Ed.2d 245 (1991). In the *In re: W.F. Development Corp* case, the attorney for the debtor general partner and debtor limited partner was disqualified by the United States Bankruptcy Court for the Northern District of Texas. The District Judge, Judge David O. Belew, Jr., Judge presiding, affirmed and also ordered disgorgement of fees by the attorney. On appeal, the 5th Circuit held that there will always be potential for conflict when one attorney represents the debtor limited and debtor general partners in bankruptcy, and disqualification is proper. *See* 11 U.S.C. §§ 101(13)(E), 327(a), 723(b). The conflict is so apparent that the court was found not to have to hold a full evidentiary hearing or to make a painstaking analysis of facts and precise application of precedent before disqualifying counsel. *In re: W.F. Development Corp.* at 884.[3]

6.      In the current action, at the original creditor's meeting, Amy Gasca testified that she filed the bankruptcy based upon her authority as President of AmPro Energy GP, L.L.C., (which is not shown to have any assets or liquidity), and the bankruptcy was not approved by the limited partners, nor were they given notice in advance. Indeed, the general partner, AmPro Energy GP, L.L.C., Amy Gasca, a limited partner, and limited partner, Mr. Stephen Brownell were in actual litigation and conflict against one another at the time of filing. Had a Temporary Injunction been granted Mr. Stephen Brownell in the state court action, both the general partner and its sole owner,

---

[3] In the present case, attorneys have represented Amy Gasca, a 79% limited partner and major creditor, AmPro Energy GP, L.L.C., the general partner, and AmPro Energy, L.P., now the nominal Debtor.

Amy Gasca, would have lost the authority to file a bankruptcy proceeding on behalf of AmPro Energy, L.P. *See generally, Keenihan v. Heritage Press, Inc.,* 19 F.3d 1255, 1259 (8th Cir.1994) (as corporation president had been validly removed pursuant to a state court issued temporary restraining order, he did not possess the authority to place the corporation into bankruptcy).

      7.    A fundamental business transaction is a merger, interest exchange, conversion or sale of all or substantially all of an entity's assets. Tex. Bus. Org. Code §1.002(32). The filing of a bankruptcy transfers the assets to the debtor-in-possession and is the equivalent of the sale of all of the assets. *See In Re: Zelranek & Doughten, P.A.,* 2001 Bankr. LEXIS 2048 (M.D. Fla. 2001). Furthermore, the filing of bankruptcy divests control of the business from the company's governing authority into the control of the bankruptcy court, thereby preventing the company from carrying out its business. Due to the pending state court actions and the pending temporary injunctions. Amy Gasca's apparent misuse of her authority, thru the use of the general partner controlled solely by her, to file the bankruptcy represents lack of good faith and therefore cause for Dismissal.

      8.    Lack of good faith in filing constitutes the requisite "cause" for dismissal pursuant to Section 1112(b) of the Code. *See also, In Re: Humble Place Joint Venture,* 936 F.2d 814,816-817 (5th Cir. 1991). In evaluating the issue of good faith, the Court must examine the totality of facts and circumstances to determine whether the Chapter 11 petition was filed in good faith. *In Re: SGL Carbon Corp.,* 200 F.3d 154,159-62 (3rd Cir. 1999). Although it is a Bankruptcy Act case, the law appears to be that the Debtor has the burden of proof on the issue of good faith as to a motion to dismiss a bankruptcy case. *See In Re: Metropolitan Realty Corp.,* 433 F.2d 676, 678 (5th Cir. 1970). Other circuits

have also so held. *In Re: SGL Carbon Corp.*, 200 F.3d at 159-62. A financially healthy debtor cannot file a chapter 11 petition merely to take advantage of the unique and extraordinary bankruptcy procedures. *NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc.*, 384 F.3d 108, 112 (3rd Cir. 2004). Chapter 11 "is not supposed to be like a 7-11 convenience store, where the debtor merely drops in and picks up that which the debtor wants." *In Re: Silberkraus*, 253 B.R. 890,903 (Bankr. C.D. CA 2000), aff'd, 336 F.3d 864 (9th Cir. 2003). (Dismissing bankruptcy petition filed to avoid state court proceeding).

9.      This current bankruptcy was filed for two purposes:

1.      To prevent pending adverse actions in the state court litigation; and

2.      To delay the litigation and other creditors long enough for Amy Gasca to pay herself and her attorneys out of the TXU escrow and ahead of other creditors.

The Debtor is financially solvent and is current on its liabilities. No adverse action was being threatened by any creditor of the Debtor, other than by ongoing litigation. A hearing was scheduled in the Stephen Brownell state court lawsuit to decide a default and temporary injunction, and a counter-claim and request for injunction had been filed in the state court lawsuit involving Movants in Harris County. This bankruptcy was filed to prevent the state court lawsuits from proceeding forward, and in an attempt to fund Amy Gasca and particularly to fund her attorneys out of the corpus of the Debtor. This bankruptcy was not filed for the purpose of rehabilitating the Debtor, and no attempt to form a plan of rehabilitation has been shown to date, but for the purpose of Amy Gasca attempting to gain a procedural advantage in the state court lawsuits or claims and as

against the other owners of the Debtor and the Debtor's creditors. This bankruptcy was not filed in good faith and should be dismissed.

### IV.
### ALTERNATIVE PLEA TO APPOINT TRUSTEE

1.     Because of the built in conflicts detailed above and in Mr. Stephen Brownell's Motion to Dismiss, should the Court not dismiss this action Movants alternatively and respectfully request the court to remove the "debtor-in-possession" and to appoint a Trustee for Debtor.

### V.
### ALTERNATIVE PLEA TO CONVERT TO A CHAPTER 7

1.     While a Trustee could elect to place Debtor into a liquidating Chapter 11, based on the facts as shown to date and as further described in Mr. Stephen Brownell's Motion to Dismiss, should the Court not dismiss this action Movants alternatively and respectfully request the Court to convert this action to a Chapter 7 liquidation.

### VI.
### RESERVATION OF SANCTIONS MOTION AND SUPPLEMENTATION

1.     As the creditor's meeting has not been completed, Movants respectfully reserve their right to file any appropriate sanction motion for bad faith filing and/or to supplement this motion based upon finalization of the creditor's meeting or the discovery of other evidence.

### VII.
### PRAYER

1.     WHEREFORE, PREMISES CONSIDERED, the TMS Movants respectfully pray the Court, upon hearing the matters set forth above, to either dismiss the bankruptcy proceeding for bad faith filing and prosecution of this Chapter 11 case, or to

appoint a trustee and to convert the proceeding to a Chapter 7 liquidation, and for such other and further relief to which Movants may be entitled.

Dated: October 4, 2006

Respectfully submitted,

**ESSMYER & TRITICO, L.L.P.**

By: *Michael M. Essmyer*
Michael M. Essmyer
State Bar No. 06672400
4300 Scotland
Houston, Texas 77007
(713) 8691155
(713) 869-8957 (fax)

## CERTIFICATE OF CONFERENCE

Attorney for Movants, Michael M. Essmyer, has conferred several times with Mr. Kelly Stephens, attorney for AmPro Energy, L.P., and he is opposed to this motion.

Michael M. Essmyer

14

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing instrument has been served either electronically or via regular mail to the following counsel of record on this the 4th day of October 2006:

**Debtor**
AmPro Energy, L.P.
19747 Hwy 59N, Ste 250
Humble, Texas 77338-3525

**Proposed Counselor for Debtor**
Michael D. Sydow
Kelly D. Stephens
Sydow & McDonald
4900 Woodway, Suite 900
Houston, Texas 77056
713-622-9700

**Parties Requesting Notice**

Ellen Maresh Hickman
U.S. Trustee
515 Rusk , Suite 3516
Houston, Texas 77002
713-718-4650
713-718-4670(fax)
Ellen.Hickman@usdoj.gov

John P. Dillman
Linebarger, Goggan, Blair, et al.
P.O. Box 3064
Houston, Texas 77253-3064

Ashish Mahendru
Mahendru, P.C.
1111 Bagby , Ste. 2000
Houston, Texas 77002-2553

Michael M. Essmyer