IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMPRO ENERGY, L.P. | § | CASE NO. 06-34291-H3-11 |
| | § | (Chapter 11) |
| DEBTOR | § | |

**DEBTOR'S REQUEST FOR HEARING AND RESPONSE
TO STEPHEN BROWNELL'S MOTION TO DISMISS,
<u>APPOINT TRUSTEE OR CONVERT TO CHAPTER 7</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, AmPro Energy L.P., the Debtor herein (the "Debtor") and files this Response to the Motion to Dismiss, Appoint Trustee or Convert to Chapter 7 (the "Motion") filed by Stephen Brownell (the "Movant") and in support thereof, would respectfully show this Court as follows:

1. Debtor admits that the Chapter 11 bankruptcy petition was filed on August 31, 2006. Further, Debtor denies the remaining allegations contained in paragraph (1) of Movant's Motion.

2. Debtor denies the allegations contained in paragraph (2) of Movant's Motion.

3. Debtor admits that a declaratory judgment was filed. Further, Debtor denies the remaining allegations contained in paragraph (3) of Movant's Motion.

4. Debtor denies the allegations contained in paragraph (4) of Movant's Motion.

5. Debtor denies the allegations contained in paragraph (5) of Movant's Motion.

6. Debtor admits that a derivative suit was brought. Further, Debtor admits that this Chapter 11 bankruptcy proceeding was filed. Further, Debtor denies the remaining allegations contained in paragraph (6) of Movant's Motion.

7. Debtor denies the allegations contained in paragraph (7) of Movant's Motion.

8. Debtor admits that among other things, the Partnership was a retail electricity provider.

9. Debtor admits the allegations contained in paragraph (9) of Movant's Motion that the decision was made to stop selling electricity and wind down its business. Further, Debtor denies the remaining allegations contained in paragraph (9) of Movant's Motion.

10. Debtor admits that the limited partnersand the general partner entered into Partnership Workout Agreement. Further, Debtor is without sufficient information to either admit or deny the remaining allegations contained in paragraph (10) of Movant's Motion. Therefore, for pleading purposes, those allegations are denied.

11. Debtor admits the allegations contained in paragraph (11) of Movant's Motion.

12. Debtor denies the allegations contained in paragraph (12) of Movant's Motion.

13. Debtor admits the allegations contained in sentences 1, 2, and 3 of paragraph (13) of Movant's Motion. Further, Debtor is without sufficient information to either admit or deny the allegations contained in sentence 4 of paragraph (13) Movant's Motion. Therefore, for pleading purposes, those allegations are denied. Further, Debtor denies the allegations contained in sentence 5 of paragraph (13) of Movant's Motion. Further, Debtor admits that checks itemized in the bullet points contained in paragraph (13) of Movant's Motions were prepared but Debtor would show that <u>all</u> of the itemized checks were written with authorization and for business purposes. Further, Debtor is without sufficient information to either admit or deny the allegations contained in the last paragraph of paragraph (13) of Movant's Motion. Therefore, for pleading purposes, those allegations are denied.

14. Debtor admits a suit was filed. Further, Debtor admits the remaining allegations

contained in paragraph (14) of Movant's Motion.

15. Debtor admits the allegations contained in paragraph (15) of Movant's Motion.

16. Debtor admits the filing of an arbitration claim which was dismissed. Further, Debtor denies the remaining allegations contained in paragraph (16) of Movant's Motion.

17. Debtor admits the allegations contained in paragraph (17) of Movant's Motion. Further, Debtor would show that consultation with the Limited Partners was not required.

18. Debtor admits the allegations contained in paragraph (18) of Movant's Motion.

19. Debtor admits the allegations contained in paragraph (19) of Movant's Motion.

20. Debtor admits the allegations contained in the first sentence of paragraph (20) of Movant's Motion. Further, Debtor is without sufficient information to either admit or deny the remaining allegations contained in paragraph (20) of Movant's Motion. Therefore, for pleading purposes, those allegations are denied.

21. Debtor denies the allegations contained in paragraph (21) of Movant's Motion.

22. Debtor denies the allegations contained in paragraph (22) of Movant's Motion.

23. To the extent that any factual allegations are contained in paragraph (23) of Movant's Motion, Debtor denies same.

24. To the extent that any factual allegations are contained in paragraph (24) of Movant's Motion, Debtor denies same.

25. To the extent that any factual allegations are contained in paragraph (25) of Movant's Motion, Debtor denies same.

26. To the extent that any factual allegations are contained in paragraph (26) of Movant's Motion, Debtor denies same.

27. To the extent that any factual allegations are contained in paragraph (27) of

Movant's Motion, Debtor denies same.

28.     To the extent that any factual allegations are contained in the case law cited in paragraph (28) of Movant's Motion, Debtor denies same.  Further, Debtor admits that the Partnership ceased functioning as a retail electricity provider, however, Debtor would show that the Partnership had continuing consulting agreements and functions relating to the winding down of the business. Further, Debtor admits that the original management including Ms. Gasca, found other employment, however, Debtor would show that Ms. Gasca continued to work part time for the Partnership.  Further, Debtor denies that assets are limited to cash reserves.  Further, Debtor denies the remaining allegations contained in paragraph (28) of Movant's Motion.

29.     Debtor admits that some of the Debtor's schedules were not filed within 15 days of the filing of the bankruptcy petition.  Further, Debtor would show that all schedules and statement of financial affairs have now been filed with the Court.

30.     Debtor denies the allegations contained in paragraph (30) of Movant's Motion. Further, Debtor would show that its statement of financial affairs have now been completed, all relevant disclosures have been made and filed with the Court.

31.     To the extent that any factual allegations are contained in paragraph (31) of Movant's Motion, Debtor denies same.

32.     Debtor denies all allegations contained in paragraph (32) of Movant's Motion.

a.      Debtor admits the allegations contained in paragraph (32)a of Movant's Motion. For further answer, the Debtor is unable to pay its present obligations as they mature.

b.      Debtor denies the allegations contained in paragraph (32)b of Movant's Motion.

c.      Debtor denies the allegations contained in paragraph (32)c of Movant's Motion.

33.     Debtor denies the allegations contained in paragraph (33) of Movant's Motion.

34. Debtor denies the allegations contained in paragraph (34) of Movant's Motion.

35. Debtor denies the allegations contained in paragraph (35) of Movant's Motion.

36. Debtor denies the allegations contained in paragraph (36) of Movant's Motion.

37. To the extent that any factual allegations are contained in paragraph (37) of Movant's Motion, Debtor denies same.

38. Debtor admits that Sydow & McDonald represented Ms. Gasca and the limited partnership in other state court proceedings. Further, Debtor denies the remaining allegations contained in paragraph (38) of Movant's Motion.

39. Debtor denies the allegations contained in paragraph (39) of Movant's Motion.

40. Debtor denies the allegations contained in paragraph (40) of Movant's Motion.

41. Debtor denies the allegations contained in paragraph (41) of Movant's Motion.

42. Debtor denies the allegations contained in paragraph (42) of Movant's Motion.

43. Debtor denies the allegations contained in paragraph (43) of Movant's Motion.

44. Debtor admits that Gasca had been issuing checks from the Partnership's accounts. Further, Debtor denies the remaining allegations contained in paragraph (44) of Movant's Motion.

45. Debtor denies the allegations contained in paragraph (45) of Movant's Motion.

46. Debtor denies the allegations contained in paragraph (46) of Movant's Motion.

47. Debtor admits that Gasca sold the software system to Glacial Energy for $75,000. Further, Debtor denies the remaining allegations contained in paragraph (47) of Movant's Motion.

48. Debtor denies the allegations contained in paragraph (48) of Movant's Motion.

49. Debtor denies the allegations contained in paragraph (49) of Movant's Motion.

50. Debtor denies the allegations contained in paragraph (50) of Movant's Motion.

51. Debtor denies the allegations contained in paragraph (51) of Movant's Motion.

52. Debtor denies the allegations contained in paragraph (52) of Movant's Motion.

53. Debtor denies the allegations contained in paragraph (53) of Movant's Motion.

54. Debtor denies the allegations contained in paragraph (54) of Movant's Motion.

55. Debtor admits that a declaratory judgment was requested. Further, Debtor denies the remaining allegations contained in paragraph (55) of Movant's Motion.

56. Debtor admits that the state court proceedings were in progress. Further, Debtor denies the remaining allegations contained in paragraph (56) of Movant's Motion.

57. Debtor denies the allegations contained in paragraph (57) of Movant's Motion.

58. Debtor denies the allegations contained in paragraph (58) of Movant's Motion.

59. To the extent that any factual allegations are contained in paragraph (59) of Movant's Motion, Debtor denies same.

60. To the extent that any factual allegations are contained in sentences 1, 2, and 3 of paragraph (60) of Movant's Motion, Debtor denies same. Further, Debtor denies the remaining allegations contained in paragraph (60) of Movant's Motion.

61. Debtor denies the allegations contained in paragraph (61) of Movant's Motion.

62. Debtor denies the allegations contained in paragraph (62) of Movant's Motion.

63. Debtor denies the allegations contained in paragraph (63) of Movant's Motion.

64. Debtor denies the allegations contained in paragraph (64) of Movant's Motion.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that this Court set a hearing on Movant's Motion; that Movant take nothing; that all relief requested by the Movant in its Motion be denied; and for such other and further relief to which Debtor may be entitled.

Respectfully submitted, this 10th day of November, 2006.

                        FUQUA & KEIM, L.L.P.

BY: */s/ Richard L. Fuqua*
       Richard L. Fuqua
       State Bar No. 07552300
       2777 Allen Parkway, Suite 480
       Houston, TX 77019
       (713) 960-0277
       (713) 960-1064 facsimile

COUNSEL FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response was forwarded by regular United States mail, postage prepaid, on this 10th day of November, 2006, to the parties listed below.

Ellen M. Hickman
Office of the U.S. Trustee
515 Rusk, Ste. 3516
Houston, TX 77002

Ashish Mahendru
1111 Bagby, Suite 2000
Houston, TX 77002

Michael M. Essmyer
Essmyer & Tritico, L.L.P.
4300 Scotland
Houston, TX 77007

*/s/ Richard L. Fuqua*
Richard L. Fuqua

## CERTIFICATE OF CONFERENCE

      I have attempted to confer with Movant's attorney, Ashish Mahendru, in a good faith effort to reach an agreement in the matter which is the subject of the relief requested in Movant's Motion. At this time, settlement is not possible, therefore, a hearing will be necessary.

/s/ *Richard L. Fuqua*
Richard L. Fuqua